**NO. 13-55395**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JEFF and ADELE SCHNEIDEREIT

*Plaintiffs-Appellants*

v.

SCOTT AND BRIAN, Inc., et al.

*Defendants-Appellees*

*Appeal from United States District Court for the Central District of California*
*Civil Case No. 2:11-cv-06919-JVS-RNB*
*Honorable James V. Selna, United States District Judge*

# Appellants' Reply Brief

Adele Schneidereit
Jeff Schneidereit
580 Dolliver Street
Pismo Beach, CA 93449
Email:
inspiretheworldfoundation@gmail.com
jsffschneidereit@gmail.com
805-773-4135
SELF REPRESENTED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. iii

I.     INTRODUCTION .................................................................................... 1

II.    ARGUMENT .......................................................................................... 2

    A.   BANK WAS NOT BENEFICIARY AND HAD NO RIGHT TO FORECLOSE .... 2

    B.   LAW IN EFFECT AT TIME OF DECISION ........................................... 3

        1.   VIOLATIONS OF CAL CIVIL §§ 2924.11, 2924.12 & 2924.17 – ACTION PERMITTED AFTER TRUSTEE'S SALE .................................... 4

    C.   ISSUES SPECIFIC TO BANK'S RESPONSE BRIEF ........................... 6

        1.   DUTY OF BANK ................................................................... 6

        2.   MODIFICATION AGREEMENT WAS ACTIVE .............................. 7

        3.   Issues not raised in Opening Brief are Not Waived ............................ 11

        4.   Tender is Excused and Not Required by HBOR ................................ 13

        5.   Dependent Adult Abuse and All Discrimination Claims Prevail ......... 14

        6.   Ally is Vicariously Liable for its Alter Ego GMAC ........................... 16

    D.   ISSUES SPECIFIC TO NON-BONA FIDE PURCHASERS ...................... 17

        1.   NEGLIGENCE CLAIM PREVAILS ...................................... 19

        2.   Elder Abuse and Dependent Adult Civil Protection Act Prevails ........ 23

        3.   Alter Ego Regarding the Non-Bona Fide Purchasers ......................... 25

        4.   QUIET TITLE Claim Prevails .............................................. 26

III.   CONCLUSION ...................................................................................... 26

# TABLE OF AUTHORITIES

## Cases

*612 SOUTH LLC v. Laconic Limited Partnership*, 184 Cal. App. 4th 1270 (2010) ........................23

*Aim Ins. Co. v. Culcasi*, 229 Cal.App.3d 209 (1991) .................................................. 12

*Alpha Beta Food Markets v. Retail Clerks Union Local 770*, 45 Cal. 2d 764 (1955) ........................ 8

*American Home, Ins. Co. v. Travelers Indem. Co.* 122 Cal.App.3d 951 (1981) ..............................25

*American Motorcycle Assn. v. Superior Court*, 20 Cal.3d 578 (1978)............................................ 6

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...........................................................................26

*Bank of America, NA v. La Jolla Group II*, 28 Cal.Rptr.3d 825 (2005).................................. 8

*Bank of Lemoore v. Gulart*, 54 P. 1111 (1898).................................................................. 8

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ............................................... 13, 15

*Bennett v. New Jersey*, 470 US 632 (1985) ......................................................................... 3

*Biakanja v. Irving,* 49 Cal. 2d 647 (1958) ........................................................................20

*Brody v. Gabriel*, 193 Cal.App.2d 644, (1961) ...............................................................10

*Cal. Pro-Life Council, Inc. v. Getman*, 328 F. 3d 1088 (9th Cir. 2003) ................................ 6

*Connor v. Great Western Sav. & Loan Assn.*, 69 Cal.2d 850 (1968)....................................20

*DeKay v. DeKay Pneumatic Tools, Inc.*, 131 Cal.App.2d 625 (1955) ................................. 8

*Delaney v. Baker,* 20 Cal.4th 23 (1999) .....................................................................24, 25

*Dolch v. Ramsey*, 57 Cal. App. 2d 99 (1943)....................................................................23

*Dutton v. Interstate Investment Corp.*, 19 Cal. 2d 65 (1941) .............................................10

*Earle v. Carson,* 188 US 42 (1903)....................................................................................25

*Eastburn v. Regional Fire Protection Auth.*, 7 Cal.Rptr.3d 552 (2003)................................. 6

*Ellard v. Conway*, 114 Cal.Rptr.2d 399 (2001)...............................................................18

*FDIC v. Air Florida System*, Inc., 822 F. 2d 833 (9th Cir 1987)............................................ 9

*Glaski v Bank of America*, F064556 (Cal 5th App. Dist. 8/8/2013)....................................... 3

*Hart v. Massanari*, 266 F.3d 1155 (9th Cir. 2001) .........................................................14

*Herrera v. Deutsche Bank National Trust Co.*, 196 Cal.App.4th 1366 (2011) ...................................... 5

*Houge v. City of Holtville*, 2008 WL 1925249 (S.D. Cal. 2008) ................................................ 24

*In re Bubble Up Delaware, Inc.,* 684 F. 2d 1259 (9th Cir 1982) ................................................ 8

*In re Osborne*, 76 F. 3d 306 (9th Cir. 1996) ................................................ 6

*Johnson v. Frankell*, 520 U.S. 911 (1997) ................................................ 6

*Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872 (2013) ........................................ 7, 19

*Lona v. CITIBANK, NA*, 202 Cal.App.4th 89 (2011) ................................................ 19

*Mamouzian v. Ashcroft*, 390 F3d 1129 (9th Cir. 2004) ................................................ 11

*Marquis v. STATE MUT. SAV. & LOAN ASSN.*, 36 Cal. App. 3d 868 (1974) ................................. 23

*Melendrez v. D & I INVESTMENT, INC.*, 26 Cal. Rptr. 3d 413 (2005) .................................. 18

*Miller v. Carrington Mortg. Servs.*, No. C-12-2282 EMC (N.D. Cal. July 3, 2013) ...................... 14

*Minthorne v. Seeburg Corporation*, 397 F. 2d 237 (9th Cir 1968) cert. denied 397 U.S. 1036, 90

   S.Ct. 1357, 25 L.Ed.2d 647 (1970) ................................................ 9

*Mojanoff v. Select Portfolio Servicing Inc.*, No. LC100052 (Cal. Super. Ct. May 28, 2013) .......... 13

*NILSSON, ROBBIN, ET AL. v. Louisiana Hydrolec*, 854 F. 2d 1538 (9th Cir 1988) ..................... 17

*Noll v. Carlson*, 809 F. 2d 1446 (9th Cir 1987) ................................................ 11

*Nymark v. Heart Fed. Sav. &Loan Ass'n*, 231 Cal.App.3d 1089 (1991) ................................. 6

*Osei v. GMAC Mortg.*, 2010 WL 2557485 (E.D. Cal. 2010) ................................................ 6

*Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405 (1971) ............................ 17

*Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004 (9th Cir 2002) ................................... 21

*Scott v. JPMorgan Chase Bank, N.A.* 214 Cal.App.4th 743 (2013) .................................... 3

*Secrest v. SECURITY NATIONAL MORTGAGE LOAN TRUST 2002-2*, 167 Cal. App. 4th 544

   (2008) ................................................ 10, 11

*Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011) .............................. 24

*United States v. Healthwin-Midtown Convalescent Hospital and Rehabilitation Center Inc.*, 511

   F.Supp. 416 (C.D.Cal.1981), aff'd, 685 F.2d 448 (9th Cir.1982) .................................. 17

*Valley View Home of Beaumont, Inc. v. Department of Health Services*, 146 Cal. App. 3d 161

(1983) ................................................................................................................ 9

*Vega v. Am. Home Mortg. Serv., Inc.*, 2011 WL 317652 (D. Ariz. 2011) .......................... 15

*Verdier v. Verdier*, 133 Cal.App.2d 325 (1955) ................................................................ 9

*West v. JPMorgan Chase Bank, NA*, 214 Cal. App.4th 780 (2013) ................................ 13

*Yau v. Deutsche Bank Nat'l Trust Co. Am.*, 11-57209 (9th Cir. May 24, 2013) ............... 7

**Statutes**

42 U.S.C. § 3604 ............................................................................................................ 15

42 U.S.C. § 3605 ............................................................................................................ 15

Cal Business & Professions Code §§ 101-101.6 ............................................................ 21

Cal Business & Professions Code §§ 10150, 10176 ...................................................... 22

Cal Civil Code § 1108 .................................................................................................... 26

Cal Civil Code § 1582 ...................................................................................................... 8

Cal Civil Code § 1584 ...................................................................................................... 8

Cal Civil Code § 1624 .................................................................................................... 10

Cal Civil Code § 1698(c) ............................................................................................... 10

Cal Civil Code § 1714 ...................................................................................................... 6

Cal Civil Code § 2224 .................................................................................................... 22

Cal Civil Code § 2355 .................................................................................................... 12

Cal Civil Code § 2924(a)(6) ............................................................................................. 3

Cal Civil Code § 2924.11 ............................................................................................ 4, 12

Cal Civil Code § 2924.12 ............................................................................................ 4, 13

Cal Civil Code § 2924.17 ................................................................................................. 5

Cal Civil Code § 3281 ...................................................................................................... 4

Cal Civil Code § 3294(c)(1) ........................................................................................... 25

Cal Civil Code § 3345 ............................................................................................21

Cal Civil Code § 3439 *et seq* ..............................................................................25

Cal Civil Code § 3517 ............................................................................................21

Cal Evidence Code § 1271(d) .................................................................................5

Cal Evidence Code § 1561 ......................................................................................5

Cal Welfare & Institutions Code § 15610.30 .......................................................24

Cal Welfare & Institutions Code § 15657 .............................................................24

## Rules

Circuit Rule 36-3 .....................................................................................................7

Federal Rules of Evidence 803(14) ........................................................................5

Federal Rules of Evidence 803(6) ..........................................................................5

## Websites

http://kepler.sos.ca.gov/ .......................................................................................16

http://www.corp.ca.gov/FSD/08pdf/4130170-O.pdf ............................................3

## I.   INTRODUCTION

In their answering briefs, Bank[1] and Non-BFP[2] appellees ignore key facts and omit key points of law, straining to contort the Schneidereits' allegations into a "standard" foreclosure argument.  Appellees heavily rely on unpublished, out-of-circuit/state authorities as well as arguments made obsolete by the California Homeowner Bill of Rights ("HBOR").

As shown in the third amended complaint, ("TAC") SCME Mortgage Bankers, Inc. was beneficiary, not Appellee Deutsche Bank National Trust Company America.  Yet while posing as an agent of the beneficiary, the "servicer", appellee Ally, breached the modification agreement and discriminated against a disabled homeowner.

Appellees accuse Schneidereits of "delay"ing the foreclosure (Response 9) despite facts showing *Ally* repeatedly "lost" documentation while Schneidereits continued to make payments.  Schneidereits were approved for a modification for good consideration, there was mutual acceptance, and performance.  The modification cured the Schneidereits' previous purported default.  Yet, Ally breached the modification and discriminated against Mrs. Schneidereit for immediate unjust gains through an unlawful foreclosure.

Subsequently, two groups of closely knit Non-BFP's, who knew or should

---

[1] "Bank" is Ally Financial Inc. ("Ally"), alter ego parent of purported servicer GMAC mortgage and Deutsche Bank National Trust Company America purported beneficiary.

[2] "Non-BFP" are CSRJ Land and Cattle, LLC ( "CSRJ"), Stephen R. Nino, Catherine Nino, Ryan Browder and Jennifer Browder, (collectively "Non-BFP1") and Trust of the Scott and Brian, Inc. 401K Profit Sharing Plan U/A DTD 01/01/2003, FBO Scott and Janet Ehrke, Robert Scott Ehrke, and Janet Ehrke (collectively "Non-BFP2")

have known of the Schneidereits' claims, took and continued to deprive a disabled person of her property.

The TAC shows appellees were on notice of the claims and grounds upon which they rested, despite limitations imposed by district court regarding Schneidereits' *claims, discovery,* and *amended complaint.* Going outside of the pleadings, the district court held Schneidereits to the standard of a summary judgment without discovery and despite *many* questions of fact which should be made by a jury. Discussed in the opening brief, ("AOB") use of this tactic continues in Appellees' Responses. (AOB53.)

The Schneidereits respectfully request that the district court's orders be reversed and remanded with leave to amend.

## II.  ARGUMENT

### A. BANK WAS NOT BENEFICIARY AND HAD NO RIGHT TO FORECLOSE

Bank states SCME Mortgage Bankers Inc. ("SCME") "might already have transferred" the loan prior to losing capacity as an excuse to justify its actions. (Response 27.) Yet, Bank demonstrated it did not have authority to foreclose, (ER97, 103.) When Bank moved for judicial notice, district court accepted as fact, that SCME was beneficiary and "lender" evidenced by the deed of trust, precluding Bank from being beneficiary. (DR61.)

On 8/29/08, the State of California ordered SCME to cease operation, (AOB12) (mot. for new trial (District Court Doc. No. ("DR") 187)) and revoked SCME's license to conduct business on 12/8/2008, *see* California Department of

Corporation's website.[3]  MERS' agency terminated when SCME's ability to contract was terminated. (AOB21.)  Not until 6 months later on 6/10/2009 did Residential Funding Corp. claim interest in the alleged loan. (ER98:¶28.)  A nonjudicial foreclosure may only be initiated by the holder of a beneficial interest under the deed of trust, designated agent, or the trustee (although recently codified this has always been law), violation Cal Civil § 2924(a)(6).

Schneidereits never averred Bank was beneficiary with the right to foreclose, only that Ally/GMAC purported to be servicer. (ER97, 103.)

See *Scott v. JPMorgan Chase Bank, N.A.* 214 Cal.App.4th 743, 764 (2013) finding that raising lack of power of sale is appropriate on appeal if facts are present in complaint.  See *Glaski v Bank of America*, F064556 slip op. at pg17 (Cal 5th App. Dist. 8/8/2013) finding a bank is not entitled to summary judgment on wrongful foreclosure claim when *it fails to show a chain of ownership establishing true beneficiary interest under the deed of trust*.  This mirrors the instant case.

## B.  LAW IN EFFECT AT TIME OF DECISION

"A court must apply the law in effect at the time of its decision... [This] holds true even if the intervening law does not expressly state that it applies to pending cases." *Bennett v. New Jersey*, 470 US 632, 639 (1985).

California HBOR became effective on 1/1/2013.  The issues in the AOB, brought at district court with the same set of facts, express material violations of this new law.  This appeal should be evaluated under the new law.

---

[3] http://www.corp.ca.gov/FSD/08pdf/4130170-O.pdf

### 1.   VIOLATIONS OF CAL CIVIL §§ 2924.11, 2924.12 & 2924.17 – ACTION PERMITTED AFTER TRUSTEE'S SALE

Cal Civil §2924.12 (b) states, "a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent ("bank") shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section … 2924.11, or 2924.17… by that [bank] where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a [bank], the court may award the borrower the greater of treble actual damages or statutory damages of … ($50,000)."

§ 2924.11 (b) states, "If a foreclosure prevention alternative is approved in writing after the recordation of a notice of default, a [bank] shall not … conduct a trustee's sale … [when]:  (1) The borrower is in compliance with the terms of a written trial or permanent loan modification…"

Schneidereits were in compliance with the trial and permanent modifications by making increased payments as directed by Bank. But-for the willful misconduct of Bank, *refusing to accept papers 3 days late*, the foreclosure should never have happened.  It is indisputable the Schneidereits were in compliance with the *trial* modification.  Therefore, the liability of Bank extends to before the offer of a permanent modification because the Schneidereits were making *increased* payments.  Bank willfully harmed the Schneidereits by failing to accept the

documents *3 days late*.

§ 2924.17 requires any notice "relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence." Here, Bank failed to provide competent and reliable evidence proving it held beneficiary interest. Bank failed to establish the substitution of trustee, notice of default, or notices of sale were admissible under any exception to the hearsay rule, as objected to by the Schneidereits. Fed.R.Evid. 803(6), see *Herrera v. Deutsche Bank National Trust Co*., 196 Cal.App.4th 1366, 1376-77 (2011); Cal Evidence Code §§1271(d), 1561.

Notices of Default and Sale are declarations and strictly construed *against* the moving party. Without personal knowledge by the signatory, declarations are untrustworthy. The Schneidereits timely objected:

> "… Defendants' attorney… did not deny the lack of personal knowledge by the signatories of these documents. However, pursuant to FRE 803(6)(A) that a record of a regularly conducted activity must be made by "someone with knowledge" to not be hearsay. This requirement of personal knowledge is not nullified by FRE 803(14) as being documents of purely statutory development" (Opp. Jud. Not. DR 66)

Amounts due on the notices were recorded without competent or reliable evidence, violation §2924.17. Without being beneficiary or a trustworthy amount owed, the issue of tender is moot because reliable evidence of the amount due or what it did with the $9,601 Schneidereits paid, but Bank failed to return. (ER100.)

Bank is liable for these material violations of the HBOR.

## C.  ISSUES SPECIFIC TO BANK'S RESPONSE BRIEF

### 1.  DUTY OF BANK

Bank claims a lender "'owe[s] no duty of care to a borrower....' *Osei v. GMACMortg*., 2010 WL 2557485, at *4 (E.D. Cal. 2010)[4]; *Nymark v. Heart Fed. Sav. &Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1991)." (Response 11.)  *Nymark* releases banks from _fiduciary_ duty, but requires that the "*Biakanja*" factors (AOB25) be addressed regarding contract and statute relative to each case. Bank failed to dispute Schneidereits' analysis of these factors in their response.

Every "'person [corporations are people too] are bound to abstain, without contract, from injuring a person, property or infringing upon any of his or her rights,' ... Civ Code §1708, are duty bound not to breach statutes, and to abide by contracts."  (ER106:¶93).  See *Eastburn v. Regional Fire Protection Auth.*, 7 Cal.Rptr.3d 552, 554 (2003) finding "Civil Code section 1714 imposes a general duty of care on all persons…"  See *American Motorcycle Assn. v. Superior Court*, 20 Cal.3d 578, 586 (1978) finding "'[e]very one is responsible ... for an injury occasioned to another by his want of ordinary care or skill....' A tortfeasor may not escape this responsibility simply because another …occurrence such as an 'act of God'[5] ..."

---

[4] To support lack of duty, bank relies on inapposite and unpublished cases, see *In re Osborne*, 76 F. 3d 306, 309 (9th Cir. 1996).  See *Johnson v. Frankell*, 520 U.S. 911, 916 (1997) finding federal courts must follow state's highest court on question of state law; and *Cal. Pro-Life Council, Inc. v. Getman*, 328 F. 3d 1088, 1099 (9th Cir. 2003) finding federal courts must follow state's intermediate appellate courts absent convincing evidence that the state's highest court would rule differently.

[5] See **(i) Impossibility of Condition Precedent** (AOB 29).

*Jolley v. Chase Home Finance, LLC*, 213 Cal.App.4th 872, 903 (2013) held, "Courts should not rely mechanically on the 'general rule' that a duty of care does not exist, and the loan modification process itself can create a duty of care relationship."

Bank erroneously touts the *Jolley* court did not find a duty owed by Bank. (Response 13.)  However, in *Yau v. Deutsche Bank Nat'l Trust Co. Am.*, 11-57209 slip op. at pg. 7 (9th Cir. May 24, 2013)[6] ("*Yau*") this court remanded the case for consideration of plaintiff's negligence claim in light of *Jolley*.  "[T]here [is] triable issue of material fact as to a duty of care to [the Schneidereits], which potentially makes [the bank] liable for its own negligence." *Jolley* at 897. [Brackets added.]

## 2.    MODIFICATION AGREEMENT WAS ACTIVE

Posing as beneficiary, Bank "repudiated the NOTE and the DOT." (ER 100 ¶49.)  "Repudiation" is more "artfully" described as a breach of the modification, outlined in the new trial motion (DR187) and AOB.  Facts supporting offer, acceptance, and consideration occur in the record and were presented to appellees and district court.  See *Ward v. Taggart*, 51 Cal.2d 736, 742 (1959) finding "a change in theory is permitted on appeal when 'a question of law only is presented on the facts appearing in the record.'"

The modification was valid when Bank breached the modification agreement.

### a.  Timing Required by the Offer

Bank states they are "the master of the offer" and have the right to evoke a

---

[6] Related Case: Schneidereits were named in Notice 8 as plaintiffs "similarly situated" at time of trustee sale in this case (AOB13), relevant under the doctrine of law of the case. (Circuit Rule 36-3).

condition precedent relying on the *first half* of Cal Civil §1582. (Response 14.)
Yet, the second half of §1582 states, "any reasonable … mode may be adopted.
And, §1584 states, "Performance of the conditions of a proposal or the
consideration offered with a proposal, is an acceptance of the proposal. See *DeKay
v. DeKay Pneumatic Tools, Inc*., 131 Cal.App.2d 625, 635 (1955) finding
"Adequate tender of performance by party to contract fulfills his duty…, and if his
tender is unjustifiably rejected he cannot be said to be in default."

Here, unable to comply with the time condition due to Mrs. Schneidereit's
disability, acceptance was made through tendered consideration in the form of
making required increased payments and orally (by phone) prior to the due date:
acceptance is inferred, see *Bank of Lemoore v. Gulart*, 54 P. 1111 (1898).

See also *Bank of America, NA v. La Jolla Group II*, 28 Cal.Rptr.3d 825, 829
(2005) finding a borrower's payment of tender a day late in violation of statute was
of "no significance" and did not excuse the lender who wrongfully carried out a
trustee's sale.

### b.  Condition Precedents are Not Favored

"Conditions precedent are not favored and the courts will not construe
stipulations as conditions unless required to do so by plain, unambiguous
language." *In re Bubble Up Delaware, Inc.,* 684 F.2d 1259, 1264 (9th Cir 1982).
This is "particularly so where a forfeiture would be involved or inequitable
consequences would result." *Alpha Beta Food Markets v. Retail Clerks Union
Local 770*, 45 Cal. 2d 764, 771 (1955).  When a condition in a contract is express
and a forfeiture cannot be avoided by construction, the court may… excuse

compliance with it or give equitable relief against its enforcement. "Relief from forfeiture when the facts and equities militate in favor thereof may be granted even when the party seeking it has violated an express condition precedent, such as when time is made of the essence." *Valley View Home of Beaumont, Inc. v. Department of Health Services*, 146 Cal.App.3d 161, 168 (1983). "It is well settled in California that courts are not inclined to construe stipulations of a contract as conditions precedent unless such construction is compelled and plainly expressed by the language of the contract." *Minthorne v. Seeburg Corporation*, 397 F. 2d 237, 241 (9th Cir 1968) cert. denied 397 U.S. 1036, 90 S.Ct. 1357, 25 L.Ed.2d 647 (1970).

Bank's obligation to the modification can be excused *only* if that obligation was dependent upon receiving the papers. The modification itself did not specify the due date, this was independent of the agreement. See *Verdier v. Verdier*, 133 Cal.App.2d 325, 334 (1955) holding if "covenants are independent, breach of one does not excuse the performance of the other." See also *FDIC v. Air Florida System*, Inc., 822 F. 2d 833, 841 (9th Cir 1987) finding where a condition breach is partial and is 'capable of being fully compensated,' the strong tendency is to regard it as insufficient to constitute a defense." (Citations omitted.) The condition to return papers by a particular date was set out on a cover letter, *not* expressed in the integrated agreement. Schneidereits' alleged returning papers a few days late was not material. (DR67, DR101, DR187.)

Here acceptance was made orally and Bank was being fully compensated by the new enlarged payments. It would be inequitable to excuse bank of

performance for the Schneidereits' papers being 3 days late when the Schneidereits complied with the trial modification 10 consecutive months.  (ER 98-99:¶¶43-44.)

### c.  Oral Acceptance not Barred by the Statute of Frauds

For the first time on appeal, Bank raised the untimely defense of Statute of Frauds (Response 15).  Yet, "The statute of frauds must ordinarily be asserted in the lower court, and cannot be raised for the first time on appeal." *Secrest v. SECURITY NATIONAL MORTGAGE LOAN TRUST 2002-2*, 167 Cal.App.4th 544, 551-52 (2008).  Here, Schneidereits alleged the modification was accepted orally in the TAC (ER 99) and motions. (DR 187.)  Bank failed to raise a statute of frauds objection in its motion to dismiss and did not "answer" the complaint with a general denial to preserve the objection.

Cal Civil §1698(c) states, "a contract in writing may be modified by an oral agreement supported by new consideration. The statute of frauds (section 1624) is required to be satisfied if the contract as modified is within its provisions."  Here, the oral acceptance was supported not only by new consideration of *increased payments*, but also a waiver to sue Bank for lack of standing, capacity, ownership, or possession of the note, (DR187 p10) see *Brody v. Gabriel*, 193 Cal.App.2d 644, 647 (1961) finding a waiver to file suit is consideration.  As fast as Mrs. Schneidereit's disability would allow, Schneidereits notarized and returned the documents: §1624 was satisfied *3 days later*.  See *Dutton v. Interstate Investment Corp.*, 19 Cal.2d 65, 70 (1941) finding the position of a party is not changed to their detriment when plaintiff fully performs under the contract, orally informs defendant the agreement was accepted, and consummates the "writing" within the

-10-

year.  See also *Secrest,* 167 Cal.App.4th at 556.

Because Bank failed to raise a Statute of Frauds objection at district court, performance of consideration was *more* than just the payment of money, and Bank's position in no way changed to its detriment because of the oral acceptance and receiving papers 3 days late,  Bank is estopped to assert statute of frauds as a defense.

### 3.    Issues not raised in Opening Brief are Not Waived

Bank erroneously argues the Schneidereits waived their negligence claim because the AOB did not "address all alternative grounds that the district court stated…" (Response 16.)  This is untrue, see *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1136 (9th Cir. 2004) finding if brief was not "perfectly written," but not difficult to discern the point trying to be made, the issue was preserved, "We will not ignore the ultimate objective of [appellant's] appeal …by parsing [their] brief's language in a hyper technical manner.'"

Bank refers to 5 of 6 "counts" pertaining to bank.  The first count, "Failed to Abide by the DOT" was dismissed partially because the district court referred to previous complaints, never active or withdrawn by the Schneidereits, to find default (ER43:fn 5) and found ETS was properly substituted, both issues were addressed in the AOB.  The district court never allowed leave to amend *based on notice of deficiencies*, yet the AOB demonstrates enough facts present in the TAC to support the claims with amendment.  See *Noll v. Carlson*, 809 F.2d 1446, 1440 (9th Cir 1987) finding a district court erred by not notifying a pro se plaintiff of a amended complaint's deficiencies and allowing leave to amend.

-11-

Moreover, Bank repeatedly lost documents subjecting Schneidereits to an accumulative level of harm in the form of additional fees and interest, damaged credit reports resulting an increasing fee to "restore" the loan. "It is well established that a person may become liable in tort for negligently failing to perform a voluntarily assumed undertaking even in the absence of a contract." *Aim Ins. Co. v. Culcasi,* 229 Cal.App.3d 209, 215 (1991). HBOR was enacted to bar this "negligent" activity, Cal Civil §2924.11.

The second and third counts, "Irregularity of Notice/Sale" and "Feigned Role of Trustee," are relevant to SCME losing capacity to contract. When SCME lost capacity to contract, MERS, as agent, lost capacity to substitute the trustee, Cal Civil § 2355. Thus, the trustee's sale is void. (AOB21.)

The fourth count, "Realized Excess Benefit of the Bargain" was dismissed because it is "generally not an independent cause of action." (ER49.) Facts and issues of this count address the motive behind Banks' willful breach and discrimination against Mrs. Schneidereit. (AOB passim.) With investors paid as alleged, (ER97) by foreclosing, Bank (beneficiary or not) immediately gained $208,251 versus collecting $2,139 monthly over 30 years. (ER96, 109.)

The fifth count, "Promissory Estoppel" should be amended to breach of contract, because Bank breached the modification. Promissory estoppel was dismissed because the trustee sale "has already happened." (ER49.) The TAC focuses on the original instruments; yet, facts supporting approval, performance, new consideration, offer, and acceptance are present in the TAC. (AOB28.) Posing as beneficiary, Bank breached the valid modification agreement. See *West*

-12-

*v. JPMorgan Chase Bank, NA*, 214 Cal. App.4th 780, 786 (2013) finding "when a borrower complies with all the terms of a TPP [trial period plan], and the borrower's representations remain true and correct, the loan servicer must offer the borrower a permanent loan modification. As a party to a TPP, a borrower may sue the lender or loan servicer for its breach."

See *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) finding "stating… a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement <u>does not impose a probability requirement at the pleading stage</u>; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence ..." (Emphasis added.)

The right to conduct discovery and amend were stayed by district court. Yet, enough facts are present in the TAC to support a lift on the stay of discovery and amend the complaint.

### 4. Tender is Excused and Not Required by HBOR

Pursuant to HBOR, the amount of full indebtedness cannot be determined because Bank failed to provide any trustworthy, competent or reliable evidence of the amount allegedly owed.  For this reason, tender is unnecessary simply because "the California [HBOR] … imposes no tender requirement." *Mojanoff v. Select Portfolio Servicing Inc.*, No. LC100052 (Cal. Super. Ct. May 28, 2013)[7] finding the mandatory language in HBOR's enforcement statutes would be irrationally optimistic if courts regularly applied strict tender rules. See, Cal. Civ. §2924.12(b)

---

[7] Schneidereits are aware of no appellate level court that addressed this issue.

"After a trustee's deed upon sale has been recorded [a servicer] shall be liable to a borrower for actual economic damages."  See also *Miller v. Carrington Mortg. Servs.*, No. C-12-2282 EMC (N.D. Cal. July 3, 2013)[7] finding tender is not required if the defendants did not own the loan in the first place.

This supports Schneidereits' position tender is *excused* because the valid discrimination claims offset the tender; it is inequitable, and Bank lacked power of sale due to breach of the modification agreement or because it was not beneficiary. (AOB18-22.)

### 5.    Dependent Adult Abuse and All Discrimination Claims Prevail

Bank's response to the civil rights claims is essentially a general denial and circular argument. Bank relies on out-of-circuit/state and unpublished cases, increasingly so regarding Rehabilitation Act and Fair Housing Act claims. (Response 36.)  See *Hart v. Massanari*, 266 F.3d 1155, 1172-73 (9th Cir. 2001) finding opinions from another circuit court of appeals [or district court] are not binding.

Facts detailed in the AOB, as asserted in the TAC demonstrate: Mrs. Schneidereit is disabled in the meaning of the statutes, as know by Bank; was otherwise qualified for the modification, making increased payments proving that her request was _not_ to ameliorate her poverty, but her disability; she requested either an accommodation or a change in the term or condition that deprives a person of the transaction.  Yet Bank attempted to revoke the modification *after* acceptance constituting breach.

Bank's response mirrors its motion to dismiss (DN 61) (AOB36-52),

-14-

continuing to rely on its tactic of omitting applicable code sections and quoting inapplicable code sections to assert Bank is immune from the law, *e.g.* § 3604 vs. § 3605. (Response 32.)  See *Twombly,* 127 S. Ct. at 1985 finding "code pleadings" were "abolished when the Federal Rules were enacted in 1938."  Moreover, regarding discrimination cases, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id* at 1974.

Bank continues to raise issues commensurate with a summary judgment to skirt the discrimination claims.  For example, the requirement to show "that GMAC gave extensions or postponements to anyone else, whether or not disabled." (Response 31.)  This type of information could be attained through discovery, but is not an element, as Bank itself cited in *Vega v. Am. Home Mortg. Serv., Inc.*, 2011 WL 317652, at *3 (D. Ariz. 2011) finding "to state a claim for violation of the FHA through denial of a loan modification, the plaintiff must allege facts showing:

> (1) She is a member of a protected class; (2) she applied and qualified for a loan modification; (3) the loan modification was denied despite her being qualified; and (4) defendant approved a loan modification for a similarly situated party during a period relatively near the time plaintiff was denied the modification."                                    *Vega* at *3 (Response 31)

Bank's attempted revocation after acceptance is functionally equivalent to a denial (3) because Adele Schneidereit did not receive the benefit of the bargain. Facts are specifically alleged in the TAC with the possible exception of (4) which was explained (AOB 46, fn. 9) and could easily be added to the next complaint.

-15-

Facts demonstrate that Bank discriminated against Mrs. Schneidereit by breaching the modification agreement for which she was approved and making payments. Bank failed to address the "Harris Test" and cannot justify a legitimate business reason to foreclose. Thus, dismissal of the discrimination claims as well as the Dependent Adult Civil Protection claims should be reversed.

### 6.    Ally is Vicariously Liable for its Alter Ego GMAC

The Schneidereits specifically named Ally defendant (ER 93.) and stated in the TAC:

> "A person, partnership, or corporation is responsible for harm caused by the wrongful conduct of its employees, agents, and partners while acting within the scope of their employment… [A]ll Defendants are vicariously liable for the acts committed by their employees (named and un-named), agents, and partners while acting within the scope of their employment or duties when they committed the wrongful or negligent acts ...." (ER105:¶¶88, 92.)

In the absence of objection at district court, Ally is liable to the Schneidereits under the doctrine of Alter Ego.

By 2011, GMAC Mortgage's reputation regarding excessive sub-prime loans questioned their solvency. GMAC Inc., which renamed itself "Ally Financial Inc.," controlled the operations of its subsidiaries and assumed their liabilities. Moreover, there is no certainty which "GMAC Mortgage" was conducting business at any given time. The California Secretary of State lists 7 corporations and 3 limited liability companies with GMAC Mortgage in their name.[8] Ally entered into a settlement with the Federal Reserve Board on behalf of its failing

---

[8] http://kepler.sos.ca.gov/

subsidiaries on 2/20/2012 (ER 113-14) demonstrating Ally had control and financial responsibility over its subsidiaries.

   "The 'alter ego' theory makes a 'parent' liable for the actions of a 'subsidiary' which it controls." *Roman Catholic Archbishop v. Superior Court*, 15 Cal.App.3d 405, 412 (1971).  See *NILSSON, ROBBIN, ET AL. v. Louisiana Hydrolec*, 854 F.2d 1538, 1543-44 (9th Cir 1988) finding the "parent" assumes financial liabilities, and has control over an undercapitalized subsidiary, the corporate veil offers no protection…In fact, the California Supreme Court has held that undercapitalization alone will justify piercing the corporate veil."  See *United States v. Healthwin-Midtown Convalescent Hospital and Rehabilitation Center Inc.*, 511 F.Supp. 416, 420 (C.D.Cal.1981), aff'd, 685 F.2d 448 (9th Cir.1982) finding that a party should not escape liability in an inequitable result would follow.  Ally may not escape liability in the civil rights claims for their intentional discrimination against Mrs. Schneidereit, which would be an inequitable result.

   GMAC Mortgage was undercapitalized and controlled by Ally who paid debts of its subsidiary, thus, the corporate veil offers no protection to Ally for the Schneidereits' claims, particularly, the civil rights claims.  The Schneidereits rightfully sued Ally in the face of its corporate shell game.  Ally is the proper defendant.  Ally's failure to object averred that Ally is the proper party at district court and is liable for any monetary relief.


**D.  ISSUES SPECIFIC TO NON-BONA FIDE PURCHASERS**

   In its response, Non-BFPs rely on Bank's assertion it did nothing wrong.  As

-17-

described in the TAC, AOB, and herein, this is untrue. Bank's wrongdoing further supports these appellees status as non-bona fide purchasers. Non-BFPs breached their duty to investigate claims against the property, about which they knew or should have known. When confronted by the Schneidereits, Non-BFP1 immediately sold property to Non-BFP2.

The duty of the Non-BFPs to inquire is undeniable and notice of the Schneidereits' claim is published on the internet. (ER 101.) Whether the TRO from *Yau* was in force is immaterial, the Schneidereits' were still plaintiffs as "similarly situated" through the date of the trustee sale. The Schneidereits' intention to claim right to the property was evident, yet Non-BFPs failed to inquire, an indicia of fraud. (AOB34.) See *Ellard v. Conway*, 114 Cal.Rptr.2d 399, 403 (2001) finding a person who may be affected by a lawsuit with a *duty* is not excused by avoidance or inexcusable neglect.

The immediate sale suggests Non-BFP1 made a credit purchase of the property. A party who acquires the property at foreclosure sale through a credit bid may *not* qualify as a BFP for failure to pay value, see *Melendrez v. D & I INVESTMENT, INC*., 26 Cal.Rptr.3d 413, 426 fn22 (2005). This answer was sought in discovery, but stayed by the district court.

Non-BFPs note district court granted leave to amend regarding claims against them. Yet, Schneidereits were denied leave to amend claims against Bank based on the construct that banks are free of duty and may discriminate against the disabled in non-judicial foreclosures.

Since Non-BFPs hid behind Bank's assertion it had a right to foreclose,

amending claims against non-BFPs, but not Bank, would have been futile.  The district court prejudicially erred by dismissing the core theories of the complaint and denied these issues be amended.  Therefore, the district court essentially dismissed the entire case, this partial amendment would be futile in the face of inevitable dismissal.[9] (AOB14.)

## 1.  NEGLIGENCE CLAIM PREVAILS

Non-BFPs state Schneidereits' claims should fail for lack of tender.  This is untrue, as discussed above and (AOB 18-24).  To deflect their negligence, Non-BFPs state, "plaintiffs … admitted … they defaulted" in earlier complaints. (Response 8.)  Yet, the legal conclusion, "default" does not occur in the cited paragraphs. Non-BFPs' inquiry would have shown ownership or status of the alleged loan was in question.  After district court suggested shortening the complaint, (ER41:fn 9) these paragraphs were replaced with more relevant facts. These facts support Bank lacked power of sale either because Bank was not beneficiary or breached the modification agreement.

See *Lona v. CITIBANK, NA*, 202 Cal.App.4th 89, 104-03 (2011) finding that a purchaser is not bona fide on grounds including "proof that (1) the trustee did not have the power to foreclose *[because]* trustee's sale invalid because borrower and lender had entered into agreement to cure default; loan was therefore current and lender did not have right to foreclose; *[or]* sale was void because original trustee

---

[9] See *Yau* slip op. at 7 stating district court did not have "benefit of *Jolley*" when dismissing negligence claim.  This same district court *limited* Schneidereits' claims against the bank to negligence, among others, *before* it had "benefit of *Jolley*."

no longer had power to convey property; (2) the... borrower was not in default because it was excused from performance by lender's prior breach of contract…" (Citations omitted.)  This mirrors the facts in the instant case.

### a. Breach of Duty by Non-Bona Fide Purchasers is a Matter of Public Policy

Non-BFPs deny they owed a "duty" to the Schneidereits because "there is no theory or facts alleged" (Response 11) or because there was no contact, (Response 12.)  This is false since every "person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights." Cal Civil §1708 (ER106.)  Purchasers have a duty to inquire regarding competing claims against property, heightened for licensed professionals such as Mr. Nino and Mr. Ehrke. (AOB-32-34.)

"Privity of contract is not necessary to establish the existence of a duty to exercise ordinary care not to injure another, but such duty may arise out of a voluntarily assumed relationship, if public policy dictates the existence of such a duty." *Connor v. Great Western Sav. & Loan Assn.*, 69 Cal.2d 850, 865 (1968). Applying the basic test for determining the existence of duty set forth in *Biakanja v. Irving,* 49 Cal.2d 647, 650 (1958) (AOB-25) applied to the Non-BFPs:

1. the transactions were intended to deprive the Schneidereits of their home;

2. the Schneidereits lost their home and suffered damages;

3. the Non-BFPs were personally involved in the transactions who knew or should have known of the competing claim of the Schneidereits' ownership;

4.  the Non-BFPs knew or should have known (a) from *Yau*, the Schneidereits claimed Bank lacked a right to foreclose and (b) their purchase would wrongly deprive a person they knew to be disabled of her property and the continued willful conscious disregard of the rights of the Schneidereits ignoring efforts to negotiate or mitigate[10] simply to make astronomical short term profits or bolster an investment portfolio[11]; and

5.  public policy supports:

    a.  preventing harm to the disabled to redress unfair or deceptive acts or practices against a person the defendant knew or should have known was disabled causing the loss of a primary residence, source of income, property set aside for retirement, etc…, Cal Civil §3345;

    b.  "to promote home ownership," (*Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1015 (9th Cir 2002)); and

    c.  demands the honesty licensed real estate professionals under the Business and Professions Code enacted to protect the people of California, Bus & Prof §§101-101.6 such as appellees Mr. Nino and Mr. Ehrke.

*Ward*, 51 Cal.2d at 741 explains, "Even though [Mr. Nino or Mr. Ehrke] was not plaintiff's agent, the public policy of this state does not permit one to 'take advantage of his own wrong' (Civ. Code, 3517), and the law provides a …remedy

---

[10] Non-BFPs erroneously state offer to mitigate was not in TAC (Response 7), please see TAC¶70 (ER102.)

[11] Non-BFP2's use of the house is merely an investment, not their home. (DR95 exA)

to prevent one from being unjustly enriched at the expense of another. [fn. 1] Section 2224 of the Civil Code provides that one 'who gains a thing by...wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.' [4] As a real estate broker [or agent, Mr. Nino and Mr. Ehrke] had the duty to be honest and truthful in his dealings. (See Bus. & Prof. Code §§10150, 10176; ... The evidence is clearly sufficient to support a finding that [Mr. Nino and Mr. Ehrke] violated this duty." [Brackets added.]

Non-BFPs erroneously state the cases cited in the AOB are inapposite. (Response 13.)  However, the cases cited are established authorities that extend well beyond easements. The duty of a purchaser of property is irrefutable. "[B]uyer is a bona fide purchaser if it (1) bought the property in good faith for value, and (2) had no knowledge or notice of the asserted rights of another… [or] the buyer have neither knowledge nor notice of the competing claim." *Melendrez*, 26 Cal.Rptr.3d at 424-25.  Here, Non-BFP1 paid 52% (ER 101) (made a credit purchase or may have colluded to drive down the price) and had knowledge of the Schneidereits' claim (ER 101:¶55, 102) and Mrs. Schneidereit's disability. (ER104:¶¶81-84.)

"A person may not have actual knowledge of certain facts, but if he has knowledge of sufficient facts to cause a reasonably prudent person of ordinary intelligence to make inquiry, the law will impute knowledge of those facts which may be easily ascertained by reasonable inquiry. When the law imputes knowledge, it has the same legal effect as though there was actual knowledge."

*Dolch v. Ramsey*, 57 Cal.App.2d 99, 105 (1943).  See *Marquis v. STATE MUT. SAV. & LOAN ASSN.*, 36 Cal.App.3d 868, 876-77 (1974) explaining, "A common situation is one where conflicting property rights are involved, … 'Whenever a party has information or knowledge of certain extraneous facts, which of themselves do not amount to, nor tend to show, an actual notice… sufficient to put a reasonably prudent man upon an inquiry respecting a conflicting interest, claim, or right, and the circumstances are such that the inquiry, if made and followed up with reasonable care and diligence, would lead to a discovery of the truth, to a knowledge of the interest, claim, or right which really exists, then the party is absolutely charged with a constructive notice of such interest, claim, or right.'" See also *612 SOUTH LLC v. Laconic Limited Partnership*, 184 Cal.App.4th 1270, 1278-79 (2010) finding a party may not ignore information to the extent such information puts the party on notice of information that reasonably brings into question the state of title. "Stated differently, a good faith purchaser 'is not entitled to interpret ambiguities in his own favor.'"

If Non-BFPs did *any* research on the property, it would know the Schneidereits were plaintiffs in a case making a claim to the property.  Such utter lack of research and failure to inquire constitutes reckless neglect.  Knowledge of the competing claim is imputed to Non-BFP's.

### 2. Elder Abuse and Dependent Adult Civil Protection Act Prevails

Bank lacked a legitimate business reason to foreclose. (AOB50)  The trustee's sale is void. (Passim.)

Dependent Adult Abuse ("EADPCA") happens when one takes, obtains, ***or***

**retains** the real property of a dependent adult. *Stebley v. Litton Loan Servicing, LLP*, 202 Cal.App.4th 522, 527 (2011). Welf & Inst Code §15610.30.

Non-BFPs rely on *unpublished* case, *Houge v. City of Holtville*, 2008 WL1925249 at 6* (S.D. Cal. 2008) to state EADPCA must be pled with particularity. (Response 15.) This is contrary to the finding in *Delaney v. Baker,* 20 Cal.4th 23, 35 (1999) stating, "[r]egardless of what plaintiffs plead, they would not be entitled to the heightened remedies of section 15657 unless they proved... [reckless neglect] or malice. … Such increase in settlement value bolsters, rather than frustrates, the purpose of section 15657." *Id*. at 41. "[A] court may allow the filing of an amended pleading claiming punitive damages on …the basis of … affidavits." *Id.* at 37.

The pled facts indicate reckless neglect and malice:

      **a. Taking the property:**

1. Non-BFPs knew or should have known Mrs. Schneidereit was disabled, (ER104, 205);

2. Non-BFP's purchased the property with reckless neglect, (passim.)

      **b. Retaining the property:**

1. Non-BFP1-CSRJ c/o Mr. Nino was sent a letter regarding the competing claim, (ER102, 210);

2. Non-BFP1's attorney was informed regarding the TRO and disability claims against Bank and asked Non-BFP1to cease and desist, (ER102, 104, 206);

3. Non-BFP1willfully ignored the Schneidereits, withdrew property from

MLS, secretly and rapidly sold property to Non-BFP2 *days* later, (ER102, 205) profiting $76,000 in days. This was a conscious choice with knowledge of financial harm or deprivation of rights to Mrs. Schneidereit. (*Delany*, at 31-32., Cal Civil §3294(c)(1).) See also *Earle v. Carson,* 188 US 42, 50 (1903) finding a "transfer for the mere purpose of avoiding his liability to the company or its creditors is fraudulent and void, and he remains still liable," Cal Civil §3439 *et seq;*

4.   when the grant deed was recorded, *i.e.* Schneidereits knew the sale took place, they contacted Non-BFP2 and offered to mitigate damages. (ER102, 206.) Non-BFP2 knew of Mrs. Schneidereits disability mocking her speech defect as "babbling" (ER104, 210); and

5.   Non-BFP2 chose to **retain** the house *or* profit $50,000 in less than 30 days rather than seriously negotiate in a conscious choice with knowledge of financial harm to Mrs. Schneidereit or her rights. (ER102-02, 206, 211.)

### 3.   Alter Ego Regarding the Non-Bona Fide Purchasers

The Non-BFPs claim to be protected by their corporate veil. (Response 11, 15). Appellees who are active shareholders or trustees, acted as the alter ego, are personally liable for the torts committed in the scope of their duty. (ER105.) See *American Home, Ins. Co. v. Travelers Indem. Co*. 122 Cal.App.3d 951, 966 (1981) finding an active shareholder who influences and governs the corporation can be held liable as an alter ego recognizing "[t]he corporate entity is disregarded to prevent … an injustice" and "inequity sought to be eliminated must be that of the

party against whom the alter ego doctrine is invoked." See also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) finding corporate officers can be liable when "they themselves acted." These micro-corporations (2 and 4 persons total in each) cannot act as a shield for perpetrating fraud and should be pierced.

### 4.   QUIET TITLE Claim Prevails

The bank that conducted the trustee's sale lacked power of sale, thus the trustee's deed is void. See *Wutzke*, 151 Cal.App.3d at 44 fn.4 finding recording a deed does not give validity to the deed. Because one cannot transfer greater title than he could lawfully transfer, Cal Civil §1108, since Non-BFP1's deed was void, Non-BFP2's deed is void as well. (ER124.)

## III.   CONCLUSION

For the reasons stated herein, and the opening brief, this Court should reverse the district court's decisions in dismissing this complaint and grant plaintiffs leave to amend.

*Respectfully submitted,*

Dated September 25, 2013      /s/ Jeff Schneidereit
                             Jeff Schneidereit, *pro se* Appellant–Plaintiff

Dated September 25, 2013      /s/ Adele Schneidereit
                             Adele Schneidereit, *pro se* Appellant-Plaintiff

**Form 6.    Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒ this brief contains ___6,957___ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐ this brief uses a monospaced typeface and contains_____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* Microsoft Word (Office 365) *(state font size and name of type style)* 14 pt, Times New Roman , *or*

☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)* _____ .

Signature | /s/ Jeff Schneidereit & /s/ Adele Schneidereit

Attorney for | Self represented

Date | 9/25/2013

| 9th Circuit Case Number(s) | 13-55395 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*************************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 9/25/2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)    s/ Jeff Schneidereit and Adele Schneidereit concurs

*************************************************************************************

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)